IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | ) | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 13 |
| CIAMPA, ERIC | ) | Case No.: 16-10913-FJB |
| SSN: xxx-xx-4624 | ) | |
| Debtor | ) | |
| | ) | |

## MOTION FOR RELIEF FROM STAY
## OR FOR ALTERNATIVE RELIEF

NOW comes the Movant, Katarzyna (aka Kasia) Heath (formerly Sawicka, formerly Ciampa) and hereby requests that this Court modify the stay pursuant to 11 U.S.C. s 362 to permit her to pursue contempt claims in a state court action against the Debtor for failure to make Domestic Support Obligations payment, *or in the alternative*, rule that the proceedings for contempt fall outside the stay provision, pursuant to 11 U.S.C. s 362, or are inside the plan and thus dismiss the case for failure to make them.  As grounds therefore, the Movant states:

1. The Movant and the Debtor were formerly married couple. Pursuant to Judgment and Order of the Probate Court (BR10D0497DR) of 11/15/2012, as part of the Domestic Support Obligations Debtor was required to pay, fully and on time, payments on an educational loan taken out for a child under the Movant's name. (Copy attached as **Exhibit 1**). Pursuant to said Judgment and Court Order, "If the Husband fails to pay this loan each month in a timely fashion until the loan is paid in full the Wife may file a contempt and if nonpayment is shown the Husband will be responsible for all of the Wife's Attorney's fees and costs incurred."

2. Since the finalization of the divorce the former Husband/Debtor often failed to make the

timely payments, adversely affecting the Movant's credit history, causing the Movant to retain counsel, and incur fees and costs.

3. Debtor's repeated missed payments, while interest accrues, have caused the principal amount of the loan to rise above the reported $50,000.00 amount.

4. After Debtor has missed multiple monthly loan payments Movant moved for contempt in the Bristol Probate and Family Court.

5. After being served with the Contempt Summons, Debtor filed suggestion of bankruptcy, after which Movant and Debtor jointly moved to stay and continue the contempt hearing. Stay and continuation was allowed, several times since, with the current contempt hearing is scheduled for October 17, 2019.

6. Once the Debtor filed his August 16, 2016 suggestion of bankruptcy, the Movant became aware of these proceedings and has discovered that the Domestic Support Obligation for the loan payment to be paid direct to the United States Dept. of Education pursuant to Divorce Order dated November 15, 2012 appears to be part of the Debtor's Plan.

7. Subsequently, after Debtor missed several more monthly payments, on April 4, 2019 counsel for Movant requested a pre-filing conference with Debtor's counsel, pursuant to MLRB 13-16-1(a), in advance of serving motion for relief form stay or other relief.

8. Conference was held, during which Debtor's counsel promised that Debtor will make three monthly payments to bring the loan account current. Debtor only made two such payments.

9. Another pre-filing conference was requested and held in June, and Debtor, via counsel, again promised to bring the account current. Debtor only made one monthly payment following the second conference.

10. At the present time the past due amount is $1,355.69, the loan balance is $51,600.74, and since the first pre-filing conference was requested, Debtor has only made one month's payment in full and on time. Attached hereto as Exhibit 2 are loan statements for the last seven months, with only ONE of said months not showing a PAST DUE balance.

11. To date, Movan has incurred over $9,000.00 in fees and costs in attempts to bring the ex-Husband/Debtor current on his Domestic Support Obligation payments.

12. It appears that absent Contempt, ex-Husband/Debtor is not willing to timely and completely make his Domestic Support Obligation payments, and thus Movant prays that this Honorable Court either rule that the state court contempt proceeds regarding this Domestic Support Obligation fall outside the automatic Stay, pursuant to 11 U.S.C. s.362 (b)(2) (A), (B), (C), or if the proceedings fall within, either modify the Stay, or dismiss the case.

WHEREFORE, the Movant requests this Honorable Court, due to Debtor's repeated failure to make the required payments, either rule that the state court contempt proceeds regarding this Domestic Support Obligation fall outside the automatic Stay, pursuant to 11 U.S.C. s.362 (b)(2) (A), (B), (C), or if the proceedings fall within, either modify the Stay, or dismiss the case; or enter any further orders that are just and appropriate.

Respectfully submitted,
The Movant, By her attorney,

*/s/ Krzysztof G. Sobczak*

Krzysztof G. Sobczak, BBO # 680813
*Sobczak Law*
619 Boylston St., Newton MA 02459
141 Tremont St., #500, Boston MA 02111
T: 617.669.6972 || F: 617.663.6037
E: ksobczak@sobczaklaw.com

Date:   September 19, 2019

CERTIFICATE OF SERVICE

       The undersigned hereby certifies that a copy of the above Motion was served upon the Debtor's counsel of record and those parties listed on the following service list by first class mail, postage prepaid or by electronic notice.

Nina M. Parker, Esq.
*Parker & Associates*
10 Converse Place, Suite 201
Winchester, MA 01890
*ninap@parkerlipton.com*

Carolyn A. Bankowski, Esq.
*Office of the Chapter 13 Trustee*
P.O. Box 8250
Boston, MA 02114-0033
*13trustee@ch13boston.com*

                                                         */s/ Krzysztof G. Sobczak*

                                                Krzysztof G. Sobczak, Esq.

Date:   September 19, 2019

IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

In Re:

CIAMPA, ERIC
  SSN: xxx-xx-4624
    Debtor

Chapter 13
Case No.: 16-10913-FJB

**[proposed] ORDER**

     CAME ON FOR CONSIDERATION the Movant, Katarzyna Heath ("Movant") motion to modify the stay or for alternative relief, all interested parties having been heard, the Court hereby rules and orders that:

[_____]    the Movant's state court contempt proceeds regarding the Domestic Support Obligation falls outside the automatic Stay, pursuant to 11 U.S.C. s.362 (b)(2) (A), (B), (C), and thus the contempt proceeding may proceed in due courts;

[_____]    the Movant's state court contempt proceeds regarding the Domestic Support Obligation falls within the Stay, and Debtor has failed to make the required payments, thus,

    [_____]    the Debtor's chapter 13 case is dismissed for repeated failure to make the required payments

    [_____]    the Stay is modified to permit the Movant to proceed with the Movant's state court contempt proceeds regarding the Domestic Support Obligation

[_____]    other orders: _____
_____
_____


Dated:    _____                                _____
                                                                             United States Bankruptcy Judge